**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **ROBERT KEITH HOGAN III** | § | |
| | § | |
| **V.** | § | **A-16-CA-421-RP** |
| | § | |
| **LORIE DAVIS** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE ROBERT PITMAN
        UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's Memorandum in Support (Document 3); Respondent's Answer (Document 4); and Petitioner's response (Document 5). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.      Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 22nd Judicial District Court of Hays County, Texas, in cause

number CR-13-0848.  In that case, Petitioner pleaded guilty to tampering with a government document and was sentenced to five years' imprisonment on March 19, 2014.

Respondent further asserts, the Director also has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 198th Judicial District Court of Kerr County, Texas.  In cause number B14-32, Petitioner pleaded guilty to forgery, and on December 5, 2014, he was sentenced to three years' imprisonment.

Petitioner does not challenge either holding conviction. Rather, Petitioner challenges the decision of the Board of Pardons and Paroles (the "Board") to withdraw its recommendation that Petitioner be released on parole "due to a new felony detainer."  He also challenges the Board's decision to deny him parole and the Board's decision to deny his release on mandatory supervision.

Petitioner challenged the denial of parole and mandatory supervision in two state applications for habeas corpus relief.  The Texas Court of Criminal Appeals denied the applications without written order on January 27, 2016.  Ex parte Hogan, Appl. No. 84,363-01 and -02.

**B.**     **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.     He was denied a hearing when the Board withdrew its parole grant;

2.     He was improperly denied parole on his next review date;

3.     He was improperly denied discretionary mandatory supervision release; and

4.     He is being illegally restrained.

**D.**     **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application.  A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

<u>DISCUSSION AND ANALYSIS</u>

**A.**     **The Antiterrorism and Effective Death Penalty Act of 1996**

The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Antiterrorism and Effective Death Penalty Act.  <u>See</u> <u>Harrington v. Richter</u>, 562 U.S. 86, 97–100 (2011).  The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." <u>Harrington</u>, 562 U.S. at 98.

One of the issues <u>Harrington</u> resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." <u>Id.</u>  Following

3

all of the Courts of Appeals' decisions on this question, <u>Harrington</u> concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." <u>Id.</u> (citations omitted).   The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." <u>Id.</u> (citing <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002) (per curiam)).   When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." <u>Id.</u>  And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." <u>Id.</u>

As <u>Harrington</u> noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court.  <u>Id.</u> at 100 (citing 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000)).   The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision."   <u>Dowthitt v. Johnson</u>, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

4

Id. at 740-41 (quotation and citation omitted).  Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  Id. at 741 (quotation and citation omitted).  The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e).  That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence.  See 28 U.S.C. § 2254(e)(1).  But absent such  a showing, the federal court must give deference to the state court's fact findings.  Id.

## B.    Parole Withdrawal

According to Petitioner, he was granted parole on July 10, 2014.  He claims the vote to grant parole was later withdrawn on August 24, 2014, "due to felony detainer."  Petitioner complains no hearing was held prior to the withdrawal.  Petitioner contends the detainer was for an offense he committed prior to parole and was not a proper basis to withdraw the favorable vote for parole.

The minutes of the Board reflect Petitioner received a "FI-5" vote on June 23, 2014, with regard to his conviction out of Hays County.  An FI-5 vote is a vote to transfer an offender to an In-Prison Therapeutic Community Program (IPTC), with a release to aftercare.  See TEXAS BOARD OF PARDONS AND PAROLES, http://www.tdcj.state.tx.us/bpp/what_is_parole/vote-options.htm (last visited Aug.17, 2016).  The FI-5 vote was subsequently withdrawn when the Board discovered

Petitioner had a pending felony detainer out of Kerr County. The Board's minutes indicate Petitioner was not eligible for the IPTC because of the felony detainer.[1]

Petitioner erroneously characterizes the withdrawal of the favorable parole vote as the revocation of parole and argues he is entitled to a hearing. The withdrawal of an FI-5 vote is not the same as the revocation of parole. An FI-5 vote merely provides an offender with a tentative release to parole conditioned upon his successful completion of his rehabilitation program. Petitioner had not been released to parole when the favorable vote was withdrawn. As such, Petitioner is not entitled to the process required when parole is revoked. See Morrissey v. Brewer, 408 U.S. 471 (1972) (discussing the rights that must be afforded a parolee in conjunction with parole revocation proceedings).

## C.    Parole Denial

Petitioner asserts he was reviewed for parole in 2015, a year after the favorable vote for parole was withdrawn. Petitioner complains he was denied parole in 2015 for many reasons that did not previously apply or were not previously relevant in his 2014 review.

To the extent Petitioner makes any claims that his due process rights have been violated with respect to the denial of parole his claims fail. The United States Constitution does not create a liberty interest in parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Likewise, Texas law makes parole discretionary and does not create a liberty interest in parole that is protected by the Due Process Clause. Orellana v. Kyle, 65 F.3d 29, 31-32 (5th Cir. 1995); see also Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997). Because Texas inmates

---

[1]Petitioner was subsequently bench warranted to Kerr County and was sentenced to three years' imprisonment.

have no protected liberty interest in parole, they cannot have a liberty interest in parole consideration or other aspects of parole procedures.  Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) (stating that Texas prisoners cannot mount a challenge against any state parole review procedure on procedural or substantive due process grounds).  In Johnson, the Fifth Circuit concluded Johnson's allegations that the Texas Board of Pardons and Paroles considers unreliable or even false information in making parole determinations, without more, simply do not assert a federal constitutional violation.  Id.  It is entirely up to each State whether it chooses to create a parole system and the amount of discretion with which it entrusts its parole decisionmakers.

Parole is a privilege, not a right, even after an inmate accrues the minimum amount of time-served credit necessary to be eligible for parole.  See Greenholtz, 442 U.S. at 7 (convicted persons have no constitutional right to be conditionally released before the expiration of a valid sentence); 37 TEX. ADMIN. CODE § 145.3(1) ("Release to parole is a privilege, not an offender right, and the parole decision maker is vested with complete discretion to grant, or to deny parole release as defined by statutory law.").  An inmate who has met the minimum requirement for time served under the applicable parole eligibility statute is not automatically entitled to be released on parole; rather, he is only entitled to a review to determine whether or not he will be released on parole.  See 37 TEX. ADMIN. CODE § 145.3(1) ("[T]he parole decision maker is vested with complete discretion  to grant, or to deny parole release. . . .") (emphasis added); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995) (because a prisoner has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions).  Because Petitioner has no liberty interest in obtaining parole in Texas, he has no claim for violation of due process in the procedures attendant to his parole decisions.  Orellana, 65 F.3d at 31.

7

**D.      Mandatory Supervision**

Petitioner also contends he was improperly denied release to mandatory supervision. Petitioner complains the same reasons to deny him parole were used to deny him mandatory supervision.

"Mandatory supervision" is "the release of an eligible inmate so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T. CODE § 508.001(5). Whereas an inmate's release on parole is wholly discretionary, an inmate's release on mandatory supervision is required, subject to certain exceptions, when the "actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." Id. at § 508.147(a); Jackson v. Johnson, 475 F.3d 261, 263, n. 1 (5th Cir. 2007).

Both the Fifth Circuit and the Texas courts have held Texas's post-September 1, 1996 mandatory provision scheme (outlined above) does create a protected liberty interest. Teague v. Quarterman, 482 F.3d 769, 777 (5th Cir. 2007); Ex parte Geiken, 28 S.W.3d 553, 558 (Tex. Crim. App. 2000). Therefore, Petitioner is correct in noting he has a protected liberty interest in, and is entitled to due process protection with respect to, the decisions to deny him mandatory supervision. However, this simply means certain procedural due process protections must be afforded Petitioner by the Board before it decides whether to release him on mandatory supervision. Procedural due process requires, essentially, that Petitioner be given notice and a meaningful opportunity to be heard. Geiken, 28 S.W.3d at 560. Additionally, if release is denied, "the inmate must be informed in what respects he falls short of qualifying for early release." Id. (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979)).

8

Petitioner does not allege (1) he was not provided timely notice that he was to be considered for mandatory supervision release, (2) he was not given a meaningful opportunity to tender information to the Board in support of his release, or (3) he was not informed in what respects he fell short of qualifying for early release. This is all the process to which he was due under the law with regard to his denial of mandatory supervision.

To the extent Petitioner complains the Board's reasoning or the guidelines it follows are too vague or arbitrary, his claim also fails. The Court of Criminal Appeals has considered this argument and rejected it. Geiken, 28 S.W.3d at 557. In Geiken, the applicant argued the statutory criteria directing the Board to evaluate the inmate's potential for rehabilitation and whether his release would endanger the public "are too vague to provide any guidance to the Board in making its decision and . . . this Court should, because of this vagueness, hold this portion of the statute unconstitutional." Id. The Court of Criminal Appeals rejected the argument, explaining the factors in question represent "valid concerns in making the release decision," and "are not so vague as to provide the Board with no guidance in their decision." Id. The Geiken court concluded, "[t]he early release decision is necessarily subjective and cannot be limited to rigidly defined factors. In creating a parole or other early release system, 'the state may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority.'" Id. (citing Greenholtz, 442 U.S. at 8). Therefore, Petitioner's constitutional challenge to the factors considered by the Board is without merit. As for the sufficiency of the denial explanations, the Fifth Circuit has upheld similar explanations in the mandatory supervision context, and the Board is not required to produce evidence in support of its decision. See Boss v. Quarterman, 552 F.3d 425, 428-29 (5th Cir. 2008) (holding the Due Process Clause does not require further explanation than the "paragraphs cut verbatim from

the Parole Board's Directives.").  Although Petitioner did not receive the result he desired, he was

afforded the process he was due under the United States Constitution.

E.      **Conclusion**

Having independently reviewed the entire state court record, this Court finds nothing

unreasonable in the state court's application of clearly established federal law or in the state court's

determination of facts in light of the evidence.  Accordingly, Petitioner's claims do not warrant

federal habeas relief.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus

proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C.

§ 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective

December 1, 2009, the district court must issue or deny a certificate of appealability when it enters

a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing

of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained

the requirement associated with a "substantial showing of the denial of a constitutional right" in

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's

constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would

find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a

district court denies a habeas petition on procedural grounds without reaching the petitioner's

underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985);

Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

      **SIGNED** on August 17, 2016.

_____
MARK  LANE
UNITED STATES MAGISTRATE JUDGE