IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT KEITH HOGAN, III, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:16-CV-421-RP |
| | § | |
| LORIE DAVIS, *Director, Texas Department* | § | |
| *of Criminal Justice, Correctional Institutions* | § | |
| *Division*,[1] | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court in the above-entitled action is Petitioner's Application for Habeas Corpus

Relief under 28 U.S.C. § 2254. (Dkt. 1). The case was referred to United States Magistrate Judge

Mark Lane pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule

1(d) of Appendix C of the Local Rules of the United States District Court for the Western District

of Texas. Magistrate Judge Lane filed his Report and Recommendation to deny Petitioner's

application on August 17, 2016. Petitioner received the Report and Recommendation on August 22,

2016. (Dkt. 14).

A party's failure to file written objections to the proposed findings and recommendations

contained in a Report and Recommendation within fourteen (14) days after the party is served with

a copy of the Report shall bar that party from de novo review by the district court of the proposed

findings and recommendations in the Report and, except upon grounds of plain error, shall bar the

party from appellate review of unobjected-to proposed factual findings and legal conclusions

---

[1] The previous named respondent in this action was William Stephens. Effective May 4, 2016, Lorie Davis succeeded Mr. Stephens as director of the Texas Department of Criminal Justice, Correctional Institutions Division. Under Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Davis was automatically substituted as a party.

accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

In the instant case, Petitioner did not file an objection to the Report and Recommendation. Where, as here, neither party objects to the magistrate judge's findings, the Court reviews the Report and Recommendation for clear error. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having done so, the Court hereby finds that the magistrate judge's conclusion and recommendation is neither clearly erroneous nor contrary to law.

### III. Denial of Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). It explained that in cases where a district court rejects a petitioner's constitutional claim on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When [a] district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could neither debate the denial of Petitioner's Section 2254 application on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

**IT IS ORDERED** that the Report and Recommendation of the United States Magistrate Judge (Dkt. 12) is **ACCEPTED AND ADOPTED**.

**IT IS FURTHER ORDERED** that Petitioner Robert Keith Hogan III's Petition for a Writ of Habeas Corpus (Dkt. 1) is **DISMISSED**.

**IT IS FINALLY ORDERED** that a Certificate of Appealability is **DENIED**.

**SIGNED** on January 30, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE